No. 39,700

CITY OF WICHITA, *Appellee*, v. PAUL J. DEMERS, *Appellant*.

(281 P. 2d 1106)

Opinion filed April 9, 1955.

*William E. Ward*, of Wichita, argued the cause and was on the briefs for the appellant.

*Theodore H. Hill*, of Wichita, argued the cause, and *Fred W. Aley* and *Mearle D. Mason*, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant has appealed from a conviction of the offense of operating a taxicab, the license for which had been suspended, upon the streets of the city of Wichita in violation of a city ordinance.

Pertinent sections of the ordinance under consideration read:

"(a) *Certificates Required.* From and after the effective date of this Ordinance no person and/or persons shall engage in the operation of any taxicab or taxicabs, nor shall any license be granted or issued to operate the same within the corporate limits of the City of Wichita until the Board of Commissioners of the City of Wichita shall first find that public convenience would be promoted and public necessity requires such taxicab service under the terms and provisions of this Ordinance and Amendments hereto."

"(d) *Certificates Not Transferrable.* The certificate issued by the Board of Commissioners of the City of Wichita to operate a taxicab business within the corporate limits of the City of Wichita shall not be transferrable; it shall entitle the holder thereof to a license to operate the number of taxicabs provided therein so long as said certificate holder continues to pay the license fee provided in this Ordinance."

"SECTION 9: *LICENSE TAX.* Before the issuance of the license provided for in this Ordinance, the applicant therefor shall pay to the City Treasurer of the City of Wichita an annual license tax in the sum of Sixty ($60.00) Dollars for each taxicab license payable semi-annually of February 1st and August 1st. Such license tax shall not be pro-rated when issued only for a part of the license period which ends on January 31st and July 31st respectively each year. Except, however, that for the month of July, 1948, only a pro-rated license shall be permitted at the rate of Five ($5.00) Dollars for each taxicab license, said sum to be payable on July 1, 1948, and provided further that in case a taxicab license during the six months period, is taken out of service as a taxicab and another taxicab is substituted for the one taken out of service, upon the surrender of the old license and upon payment of a license and occupation tax of Two and 50/100 ($2.50) Dollars, a new license shall be issued for such substituted taxicab, which new license shall expire at the end of the six (6) months license period as hereinabove provided. Upon proof satisfactory to the License Collector that a license has been lost, a duplicate license shall be issued upon the payment of a fee of One ($1.00) Dollar."

"*LICENSE REQUIRED.* No person and/or persons whether acting as owner, principal, agent, employee, lessee, or licensee shall operate or permit to be operated upon the streets of the City of Wichita any taxicab without first having procured from the Board of Commissioners of the City of Wichita a license therefor as hereinafter provided."

"(a) Any person, firm or corporation owning or operating and/or any driver or operator of a taxicab not licensed and equipped in accordance with the provisions of this Ordinance, or of a taxicab the license of which has been revoked or whose license is at the time suspended, or who solicits passengers for hire in this city, shall upon conviction thereof be punished by a fine not exceeding One Hundred ($100.00) Dollars and shall stand committed to the City Jail until such fine and the costs of prosecution are paid."

Defendant owned his own taxicab and on July 31, 1953, upon payment by him of $30, there was issued to him by the Checker Cab Company license number 46 for the particular vehicle in question. We are not concerned here with any operator's license issued to him personally—the license in question is the one issued for his vehicle. Some time in the fall or early winter defendant went on strike against his employer cab company, and on December 14, 1953, license number 46, which was for his vehicle, was suspended and another cab was substituted in its place.

On December 21, 1953, defendant transported in his cab, the license for which was then suspended, a Mrs. Campbell from the airport to her home in Wichita. For such transportation he was paid the sum of $1.35, and it was shown that this amount was the usual

fare for the distance traveled. From the evidence it is clear that on the date in question defendant knew that the license for his vehicle had been and was still suspended, and that another cab had been substituted in its place. It also is clear that the amount received by defendant for the transportation was a "payment" and not a "donation to the strike fund," as contended by him.

At the conclusion of the trial, which was by the court, a jury having been waived, defendant was found guilty of the offense of operating an unlicensed taxicab upon the streets of Wichita contrary to the ordinances governing such matter, and was sentenced to pay a fine of $50 and costs of the action.

In this court defendant contends (1) the judgment is contrary to law and not sustained by the evidence, (2) the court erred in denying his motion for a new trial, and (3) the court erred in denying his motion to be discharged.

The gist of the last-mentioned contention seems to be that the complaining witness signed the complaint without knowing positively the truth of the matters stated therein. Entirely aside from the fact defendant has not seen fit to include the complaint in the record brought here for review, such record as there is does not show that he raised any question as to the verification of the complaint prior to pleading thereto and giving bond for his appearance, and, under such circumstances, having gone to trial without objection, he now is in no position to question the sufficiency of the complaint upon which he was tried.

With respect to his first contention, defendant does not argue that the evidence was insufficient to support a conviction, but maintains that the judgment is contrary to law because of the illegality of the ordinance in that it constitutes an unlawful delegation of power by the city to his employer, the cab company, concerning the management and operation of the taxicab business, and provides that a breach of rules shall be a penal offense. It is further contended that the challenged ordinance should be held to apply only to a situation where the taxicab company itself owns the cabs which are affected.

In our opinion defendant's contentions in this respect may not be sustained.

In *Peoples Taxicab Co. v. City of Wichita,* 140 Kan. 129, 34 P. 2d 545, 95 A. L. R. 1218, it was held that a city has broad discretionary powers to regulate the operation of taxicabs upon its streets, and

that an ordinance doing so will not be held to be invalid unless it appears to be unreasonable, oppressive and arbitrary. In the very nature of things such must be the rule.

Here it appears that the city had issued a certificate of public convenience and necessity to defendant's employer to operate a taxicab business. Defendant paid the sum of $30 for a six months' license for the vehicle owned by him. Under the ordinance the cab company had the right to substitute cabs for those taken out of operation. It is apparent that because defendant went on strike against the company the license for his particular vehicle was suspended and another cab was substituted in its place. There is no showing whatever that any personal operator's license to defendant had been suspended. The license that was suspended was the license for the vehicle owned by him. In fact, from the record it seems clear that the $30 payment made by defendant was to his employer for the privilege of operating his vehicle as a taxicab, and there is no showing but that the suspension of the license for his vehicle would have been lifted had defendant gotten himself back into the good graces of his employer. Here the license was transferred from defendant's cab to another vehicle by the cab company, not by the city, and defendant, having operated his vehicle as a taxicab at a time when its license was suspended, violated the provisions of the ordinance.

Various contentions made by defendant with respect to alleged error in the denial of his motion for a new trial are included and answered in what already has been said.

An examination of the record before us does not establish any ground for reversal of the judgment and it is therefore affirmed.

Smith, J., dissents.